## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES F. CHVALA,              )
                                          )
          Plaintiff,           )
                                          )
         v.                 )    2:20-cv-01292-RJC
                                          )
HARMONY FIRE DISTRICT a/k/a  )
HARMONY FIRE DISTRICT      )
STATION 22,                  )
                                          )
         Defendants.       )

## OPINION

Robert J. Colville, United States District Judge

      Presently pending before the Court is a Motion to Dismiss filed on behalf of Defendant, Harmony Fire District a/k/a Harmony Fire District Station 22, ("the District" or "Defendant"), in which it moves to dismiss Counts I, II, III, and IV of the Amended Complaint. For the reasons that follow, the motion will be granted in part and the Section 1983 claims will be dismissed.  The court declines to exercise supplemental jurisdiction over the remaining state law claims and this matter will be remanded to the Court of Common Pleas of Butler County forthwith.

**I.  Background and Factual Allegations**

      Plaintiff, James F. Chvala ("Plaintiff" or "Chvala") filed this action in the Court of Common Pleas of Butler County on August 4, 2020. Defendant removed this matter to this Court pursuant to 28 U.S.C. § 1367(a).  (ECF No. 1).  The Notice of Removal cites to two federal statutes as the basis for removal, namely, 42 U.S.C. § 1983 and Section 11(c) of the Federal Occupational Safety and Health Act of 1970 ("OSHA").  (ECF No. 1 at 3-4).

1

On October 2, 2020, Plaintiff filed an Amended Complaint, which alleges the following. (ECF No. 10, hereinafter "FAC").  The cause of action arises from the termination and expulsion of Plaintiff, a volunteer fire fighter, from the District based upon a disciplinary board hearing and membership vote that occurred on August 5, 2019. (FAC at ¶ 10).

Plaintiff is an adult individual residing in Harmony, Pennsylvania. (FAC ¶ 1). Defendant is a Pennsylvania not-for-profit corporation, with a business address in Harmony, Pennsylvania. (FAC ¶ 2). During all relevant times, the District provided primary fire protection and rescue services on behalf of and for the Boroughs of Harmony and Zelienople, and the Townships of Jackson and Lancaster in Butler County, Pennsylvania (hereinafter, the "Municipalities"). (FAC at ¶ 3).  It is alleged the District is a governmental agency and state actor as the same is provided for under federal and Pennsylvania law. (FAC at ¶ 4).

From November 2016 until August 5, 2019, Mr. Chvala was engaged as a volunteer firefighter with the District.  (FAC at ¶ 5). Over the past 30 years, Plaintiff has spent 14 years as a senior fire protection analyst and a public safety instructor for fire academies throughout the Commonwealth. (FAC at ¶ 14).  On August 5, 2019, a disciplinary hearing was held without Mr. Chvala being invited or able to present any evidence, at the conclusion of which a majority of the membership of the Fire District voted to terminate Mr. Chvala's membership in the District due to alleged improper conduct.

Plaintiff alleges that had he been permitted to respond and present evidence he could have contradicted the falsified and defamatory allegations of misconduct, and in particular, he would have detailed the circumstances surrounding his reporting of two controlled fire burns that were sanctioned, however illegally performed, by the District. (FAC at ¶ 16). Attached to the FAC are the following documents:  1) a letter from the Executive Committee of the District dated July 29,

2019  ("the July 29, 2019 letter")[1] notifying him of the upcoming August 5, 2019 hearing; 2) a letter from the Executive Board dated August 8, 2019 notifying him that during the August 5, 2019 business meeting the membership of the District voted via secret ballot to expel Plaintiff as a member.  (ECF No. 10 at 31-32, 33).

Plaintiff denies the accusations which formed the basis of his expulsion. As to the District's accusation that Mr. Chvala had  "negative interactions [that] portrayed the [District] in a negative manner" Plaintiff alleges that these incidents were false, fabricated and embellished, that District failed to investigate the alleged improper conduct, failed to ask him his version of events, denies the conduct alleged, and alleges these complaints were manufactured.  (FAC at ¶¶ 19, 22, 30). As to the District's accusation that he misused District property, referred to as a "braking incident" while en route to a response call, Mr. Chvala denies responding to a call on the date in question.  (FAC ¶ 34).  As to the accusation of damage to a rear portion of a fire engine, Mr. Chvala was accused of denying culpability for the damage, when in fact he discovered it and denied involvement in causing it.  (FAC ¶ 36).  Mr. Chvala further denies alleged criminal and dishonest conduct related to statements made while an instructor at the Butler Community College, and further, explains that criminal charges against him were dismissed and expunged when he entered into an accelerated rehabilitation program, which he successfully completed.  (FAC ¶¶ 39-43).  In addition, Plaintiff alleges that he was terminated and expelled from the District, in part, because the District wrongfully and falsely believed that Mr. Chvala reported two controlled fire

---

[1] In the July 29, 2019 letter it is stated that Mr. Chvala had allegedly placed the District into disrepute on a number of occasions; that at the disciplinary hearing the District membership would have access to Mr. Chvala's personnel file, be made aware of these alleged instances of disrepute, and thereafter have a secret ballot vote on whether to expel Mr. Chvala from the membership; and that Mr. Chvala would be informed of the results of the disciplinary hearing at a later date.

burns, in July 2017 and again in 2018, to state regulatory authorities.  (FAC ¶ 47).  He denies having done so. (FAC ¶¶ 48, 59, 61).

The FAC further outlines certain procedural policies set forth in the District's disciplinary policy, which the District did not follow, pursuant to which Mr. Chvala should have been given notice of certain allegations of misconduct, the right of access to documentation concerning alleged offenses, the right to be present via a representative at disciplinary review proceedings, and the right to appeal decisions.  (FAC ¶¶ 62-68, 78 80-81). Mr. Chvala alleges the July 29, 2019 letter failed to provide him adequate notice and opportunity to be heard, and further, the District failed to inform him of his appeal rights in the August 8, 2019 letter.  (FAC ¶¶ 72, 83).  He alleges the publication of the accusations and background to the District's members was false and defamatory. (FAC ¶ 73).

Plaintiff asserts the following claims: 1) at Count I, wrongful termination/abuse of process; 2) at Count II, wrongful termination/malicious prosecution; 3) at Count III, retaliation; and 4) at Count IV, violations of due process protections of the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

## II.  Standard of Review

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled

to relief," the complaint must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Phillips,* 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (additional internal citation omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips,* 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputely authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no

party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). The court, however, may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.  Discussion

### Count IV:  Section 1983

Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Thus, to establish a violation of § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997).  By its terms, § 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979); *see also Hart v. Tannery*, 2011 WL 940311 (E.D. Pa. Mar. 14, 2011). Therefore, in evaluating a § 1983 claim, a Court must first "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Id.* (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998))." *Keslosky v. Borough of Old Forge*, 66 F. Supp. 3d 592, 613–14 (M.D. Pa. 2014).

### A.  State Action

Of course, whether the District is a state actor is central to the Plaintiff's § 1983 claim.  In

*Kach v. Hose*, the United States Court of Appeals for the Third Circuit described the requirement

that the private entities' specific conduct must constitute "state action" for a § 1983 claim as

follows:

> "state action will be found if there is a sufficiently close nexus between the state
> and the *challenged* action of the regulated entity so that the action may be fairly
> treated as that of the State itself." *Boyle v. Governor's Veterans Outreach &
> Assistance Ctr.*, 925 F.2d 71, 76 (3d Cir. 1991) (emphasis in original and internal
> quotation marks and citation omitted). "[T]he purpose of this requirement is 'to
> assure that constitutional standards are invoked only when it can be said that the
> State is *responsible* for the *specific conduct* of which the plaintiff complains.'" *Id.*

*Kach*, 589 F.3d 626, 648 (3d Cir. 2009) (emphasis in original). The "focus of our inquiry is not on

whether the state exercises control over a putative state actor as a general matter, but whether the

state has exercised control over the particular conduct that gave rise to the plaintiff's alleged

constitutional deprivation." *Id.* at 649. The court emphasized: "the private conduct is fairly

attributable only when the state has had some affirmative role, albeit one of encouragement short

of compulsion, *in the particular conduct underlying a claimant's civil rights grievance*." *Id.*

(emphasis in original). "In other words, the government must be responsible for the specific

conduct of which the plaintiff complains." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d

Cir. 2017).

In *Rendell-Baker v. Kohn*, the Supreme Court explained: "[A] State normally can be held

responsible for a private decision only when it has exercised coercive power or has provided such

significant encouragement, either overt or covert, that the choice must in law be deemed to be that

of the State." 457 U.S. 830, 840 (1982). The Supreme Court emphasized that acts of private contractors "do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Id.* at 841.

Against this backdrop we consider the allegations in the FAC which relate to the District's alleged status as a state actor. Plaintiff alleges, and Defendant in its briefing acknowledges, that the District is a not-for-profit corporation.[2]  (FAC ¶ 2, ECF No 14 at 3). Plaintiff further alleges;

> 3. During all relevant times, the Fire District provided primary fire protection and rescue services on behalf of and for the Boroughs of Harmony and Zelienople, and the Townships of Jackson and Lancaster in Butler County, Pennsylvania (hereinafter, the "Municipalities").
>
> 4. As such, the Fire District is a governmental agency and state actor as the same is provided for under federal and Pennsylvania law.

 (FAC ¶¶ 3, 4).  Further, he summarily alleges:

> 69. Similar to these policies, prevailing law in both the Commonwealth and the United States mandates that persons employed by, acting for, or otherwise directly engaged by governmental agencies and state actors be provided sufficient due process in order to protect any and all property and liberty rights said persons have in disciplinary functions. *See, e.g., Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).
>
> 70. Specifically, disciplinary actions by volunteer fire companies, even when said fire companies are independent of any municipality, are considered state action and action by a governmental agency.

(FAC ¶¶ 69, 70). As to Count IV, the FAC alleges:

> 128. The Fire District is a person and state actor as both are defined and understood in 42 U.S.C. § 1983 and related sections of the Civil Rights Act.
>
> 129. As the fire department for the Municipalities, the Fire District executed and provided fire prevention and protection for the community, and was acting under color of law on August 5, 2019, when the Fire District published false and

---

[2] Generally, not-for-profit corporations such as the District are private parties and not state actors. *See, e.g., Opoku v. Educ. Comm'n for Foreign Med. Graduates*, 574 Fed. Appx. 197, 201 (3d Cir. 2014); *Gannaway v. Karetas,* 438 Fed. Appx. 61, 65 (3d Cir. 2011) (finding that a not-for-profit healthcare center was not a state actor under § 1983).

> defamatory statements related to Mr. Chvala and his position during a business
> meeting and disciplinary hearing, a hearing that denied due process to Mr. Chvala
> during the entire process by which the Fire District terminated and expelled him as
> a member on or about August 5, 2019.

(FAC ¶¶ 128, 129).  The FAC further summarily alleges, "[s]pecifically, disciplinary actions by

volunteer fire companies, even when said fire companies are independent of any municipality, are

considered state action and action by a governmental agency. (FAC ¶ 134).

Here, Plaintiff takes issue with the internal disciplinary decision of a private volunteer

organization relative to his membership obligations in the District.  This is not state action.  The

Honorable Joy Flowers Conti, in *Papa v. Neshannock VFD,* No. CV 21-77, 2021 WL 1986418

(W.D. Pa. May 18, 2021), recently granted a motion to dismiss a Section 1983 action brought by

a former volunteer firefighter  who was expelled from a volunteer fire department and remanded

the previously removed case to the state court as to the remaining state law claims.  Plaintiff therein

had alleged that she was terminated from membership after a special meeting without a hearing or

opportunity to tell her side of the story, and that the termination impacted her career objective to

become a professional firefighter.  Plaintiff had argued that the fire department's conduct is fairly

attributable to the state because, as a volunteer fire department, it performs a traditional function

of government.  The Court disagreed, relying in part on *Kach* and *Rendell-Baker*.  Judge Conti

explained:

> In this case, Papa failed to allege any plausible basis for "state action" with respect
> to the conduct at issue in the amended complaint. The actions of which she
> complains occurred within the scope of her membership obligations in the
> Neshannock VFD. The crux of her § 1983 claims is that the Neshannock VFD's
> internal disciplinary procedures were improper. As the Supreme Court made clear
> in *Rendell-Baker*, internal disciplinary decisions of a private volunteer organization
> do not become state action -- even if the organization itself is heavily involved in a
> state function.
>
> The court concludes that the § 1983 claims are subject to dismissal at this stage of
> the case. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)

> ("The color of state law element is a threshold issue; there is no liability under §
> 1983 for those not acting under color of law.") (citing *Versarge*, 984 F.2d at 1363);
> *Showell v. Acorn Hous. Corp. of Conn.*, No. CIV. A. 97-1200, 1997 WL 597897,
> at *4 (E.D. Pa. Sept. 17, 1997) (dismissal is proper under Rule 12(b)(6) where §
> 1983 complaint did not allege that a government entity participated even minimally
> in a private actor's decision to terminate plaintiff's employment) (citations omitted);
> *Schneider v. Arc Of Montgomery Cty.*, 497 F. Supp. 2d 651, 659 (E.D. Pa. 2007)
> ("Numerous courts, including this Court, have granted motions to dismiss section
> 1983 actions because the defendants were not state actors.") (citations omitted).
> Based upon the factual allegations in the amended complaint and drawing all
> reasonable inferences in favor of Papa, the court does not perceive any plausible
> state involvement in the Neshannock VFD's internal decision to terminate Papa's
> membership. Papa does not allege that the membership decision was based upon
> some regulation, rule of conduct or policy put forth by Pennsylvania. Viewing the
> allegations of the amended complaint and all reasonable inferences therefrom in the
> light most favorable to Papa, her membership termination is not fairly attributable
> to the state. The § 1983 claims must be dismissed.

*Papa*, 2021 WL 1986418, at *5. Other courts, mentioned in *Papa*, have likewise so held. *Dufresne v. Camden-Wyoming Fire Co. Inc., No*. CV K19C-03-008 NEP, 2020 WL 2125797, at *6 (Del. Super. Ct. May 5, 2020) (termination of volunteer firefighter's membership did not implicate state action because it was not related to the public function of firefighting); *Ehart v. Odessa Fire Co.,* No. CIV.02-1618-SLR, 2005 WL 348311, at *3 (D. Del. Feb. 2, 2005) (dismissing § 1983 claims arising from termination of a firefighter's membership).

After considering the allegations in the FAC, and viewing them in the light most favorable to Plaintiff, and further, after reviewing the relevant case law, we conclude that the District is not a state actor and therefore, the FAC will be dismissed because Plaintiff has failed to state a claim pursuant to Section 1983, the central basis[3] for the removal of this action from state to federal

---

[3] In its Notice of Removal the District also cites the Whistleblower provisions of the OSHA, which are not mentioned in the FAC, and which the District argues are untimely. Yet it is clear upon a careful reading of the FAC that Plaintiff does not intend to bring such a cause of action. State law claims based on conduct that is also regulated by federal law does not necessarily give rise to federal question jurisdiction. *See e.g., Hirschbach v. NVE Bank*, 496 F.Supp.2d 451, 455 (D.N.J.2007) ("A state law cause of action does not give rise to a substantial and disputed question of federal law simply because it is predicated on conduct regulated by federal law.") The courts have long recognized that the plaintiff is master of her complaint and is free to decide what law she will rely on. *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 59 L.Ed. 1056 (1915); *The Fair v. Kohler Die & Specialty Co*., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913); *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir.2006). Even

court.  There is not a sufficiently close nexus between the state and the challenged action such that the action may fairly be attributable to the state itself and the state could be held responsible for the specific unconstitutional deprivation and conduct of which Plaintiff complains.

### B.  Supplemental Jurisdiction

The Court having dismissed the purported basis for jurisdiction pled in the FAC, and diversity of citizenship not having been alleged, see 28 U.S.C. § 1331, 1332, the only potential basis for this court's subject matter jurisdiction over Chvala's state law claims would be supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  This case is in the earliest stages and no discovery has been initiated.  Given this, and because and no federal claims remain, the Court will exercise its discretion and will decline supplemental jurisdiction over all state law claims alleged in the Complaint. *See id.* § 1367(c)(3).

> [W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so.

*Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting Borough of *West Mifflin v, Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

### C.  Leave to Amend

The Court will dismiss this action without granting leave to amend as doing so would be inequitable and futile.  *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).  Plaintiff is represented by counsel and has amended his Complaint once, after having been notified of the

accepting Defendants' argument that Plaintiff could have filed a federal claim, federal question jurisdiction cannot be created by implication. Whatever options Plaintiff initially had in seeking relief, she ultimately chose to file a state law claim in a state court. *McGuire v. Palmerton Hosp*., No. CIV.A. 12-1718, 2012 WL 2362488, at *4 (E.D. Pa. June 20, 2012)

District's intention to file a Motion to Dismiss.  (*See Stipulation*, ECF No. 6).  Furthermore, there is no doubt that the Section 1983 claims are not plausible.

**IV.  Conclusion**

Defendant's motion to dismiss will be granted as to the Section 1983 claim, and the Court declines to exercise supplemental jurisdiction over the pendant state law clams.  The Clerk of Court will be directed to remand this case forthwith to the Court of Common Pleas of Butler County, Pennsylvania.

Dated:  August 18, 2021

/s/ *Robert J. Colville*
Robert J. Colville
United States District Judge

cc/ecf: All counsel of record